Reese, Judge,
delivered the opinion of the court.
This is an action of debt, for five hundred dollars, with a count in detinue for a negro man slave. Judgment by default was taken, and that final, and damages to the amount of $310 were given, when no damages were counted for, and greatly less than that due even, if they had been demanded.
That is a plain error, but it would be corrected here. A more general question is, can a judgment by default, final, be rendered in detinue? We think not. It has always béen incident to this form of action, that there should be a valuation of the property in the verdict, and a judgment thereon, in the alternative, for the value, or for the specific property. It is true, as suggested, that this is mainly for the benefit of the plaintiff; but it is not safe, on that principle, to deviate so far from the well settled forms of judicial proceeding.
Moreover, the act of 1801, ch. 5, sec. 62, provides, that “if in detinue, the verdict shall omit price or value, the court may, at any time, award a writ of enquiry to ascertain the same.”
It would seem from this, that even in a cafe where the ver- *138 diet omits price or value, final judgment must not be given thereon; but a writ of enquiry be awarded: a fortiori, it would seem, that final judgment should not be given, where there has been no issue or verdict: but a writ of enquiry should be awarded.
Let the judgment be reversed, and the cause be remanded for this purpose.